IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TEDDY AND HELEN PROPERTY MANAGEMENT LLC, | : : : | CIVIL ACTION NO. 1:18-CV-2926-WSD |
| Plaintiff, | : : | |
| v. | : : | |
| CARLOS SKEETE, JR., | : : | **REPORT AND RECOMMENDATION ON AN APPLICATION TO PROCEED** |
| Defendant. | : | ***IN FORMA PAUPERIS*** |

Defendant Carlos Skeete, Jr., proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs or security therefor. In support of this request, Defendant has filed an Application to Proceed in District Court without Prepaying Fees or Costs [1], but he has failed to sign or date the Affidavit in Support of the Application, declaring, under penalty of perjury, that the information contained in the Application is true. *See* App. [1] at 1. In addition, the Court notes that the Defendant has failed to respond to many of the questions in the Application. Although Defendant claims that he receives $1818 in monthly income from disability payments, he has left blank the questions asking him about any other sources of income or assets, and numerous other questions. *See* App. at ¶¶ 2-8. As the instructions advise, the Defendant is required to respond to each question without leaving any blanks; if the answer to a

question is "0," or "not applicable," then he is required to include that response. *See id.* at 1.

The Court notes that this is the Defendant's second attempt to remove this action from the Magistrate Court of Henry County to this Court. *See Teddy and Helen Property Management LLC v. Skeete*, Civil Action No. 1:18-CV-1422-WSD, NDGa ("*Skeete I*"). In *Skeete I*, Defendant was previously advised that an Application to Proceed in District Court without Prepaying Fees or Costs [1] cannot be approved unless the form is filled out completely without leaving blank responses. *See Skeete I* Order [2] dated April 9, 2018. That case was ultimately dismissed as a result of the Defendant's failure to file a complete Application. *See Skeete I* Order [5] dated June 1, 2018.

Accordingly, the undersigned finds that Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] does not establish that Defendant has insufficient household income and assets to pay the filing fee and incur the costs of this proceeding, and the requirements of 28 U.S.C. § 1915(a)(1) have not been satisfied. The undersigned therefore **RECOMMENDS** that Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] be **DENIED** and that the Defendant be **ORDERED** to pay the filing fee

within **fourteen (14) days** of the District Court's final Order denying his Application to Proceed in District Court without Prepaying Fees or Costs [1].

In the alternative, if the District Court deems the information provided by the Defendant in the Application to Proceed in District Court without Prepaying Fees or Costs [1] to be sufficient, or exercises its discretion to grant the Defendant's Application for the purpose of reviewing whether this Court has subject matter jurisdiction over this case, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Henry County for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447, if, at any time before final judgment, it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendant's "Petition Notice for Removal of Action Complaint Preliminary and Permanent Injunction, Temporary Restraining Order" [1-1] ("Petition for Removal") to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Defendant's Petition for Removal does not appear to contend that Plaintiff has asserted any federal claims in the subject state-court action. It is not entirely clear,

but it appears that Defendant is attempting to assert counterclaims or defenses under federal law. Defendant alleges that "[t]he Respondent [sic] did violate 15 USC 1692, Rule 60 of the federal Rule of Civil Procedure: and having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-16." Pet. at 1. Defendant further alleges that the "Dispossessory action is in violation of 14th Amendment of the U.S. Constitution with respect to Due Process of law." Pet. at 2. Thus, it appears that Defendant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

In this case, a review of the record reveals that Plaintiff has asserted no federal claims. Instead, Defendant's Petition for Removal indicates that Plaintiff's action in the Magistrate Court of Henry County is a dispossessory action to evict Defendant as a tenant for failure to pay rent. *See* Pet. and attachments. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified any federal question that the state-court dispossessory action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims that invoke federal statutes or the federal Constitution, that basis of removal is also improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("Defendants' defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if Defendant had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in

which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant states in the Application that he is a resident of Locust Grove, Georgia, and does not allege citizenship in any other state. *See* App. [1] at ¶ 13. Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, for the reasons discussed, the undersigned **RECOMMENDS** that Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] be **DENIED**. In the alternative, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Henry County for lack of subject matter jurisdiction.

**IT IS SO RECOMMENDED** this 18th day of June, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE